UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ERIC MONCADA, <br> BES CAPITAL LLC, and <br> SERDIKA LLC, <br><br> Defendants. | ) <br> ) Case No. 12-cv-8791 (CM) (GWG) <br> ) <br> ) ECF Case <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER RELATING TO THE PRODUCTION OF CONFIDENTIAL INFORMATION
BY THE U.S. COMMODITY FUTURES TRADING COMMISSION**

Pursuant to the Parties' joint stipulation for entry of an Order Relating to the Production of Confidential Information by the U.S. Commodity Futures Trading Commission ("Commission" or "CFTC") ("Stipulated Protective Order"), and upon a showing of good cause, the Court hereby GRANTS the motion and ORDERS that:

**A. Purpose**.

This Order constitutes a court order within the meaning of the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11) and implementing regulations, providing a basis for release of the requested documents and records to Defendants without obtaining prior written consent of the individuals to whom the records pertain, pursuant to the Privacy Act, 5 USC § 552a(b)(11), and Rule 26(c) of the Federal Rules of Civil Procedure.  Pursuant to Federal Rule of Evidence 502(d), production of any record by the CFTC in this litigation does not waive any Privacy Act

1

protection of that record outside of this Action; and any such record produced in this Action must be strictly protected in accordance with this Order.

Except as otherwise stated in this Order, the Commission shall produce, as part of its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), discoverable information in its possession, custody or control in accordance with the Rule 16 Scheduling Order.  If a Party requests otherwise discoverable information from the Commission that is required to be protected, the Commission shall, based upon the claimed grounds of confidentiality, designate such information as "Confidential – Subject to Protective Order" pursuant to this Order.

1. **Applicability**.  This Order covers information that the Commission, as the Producing Party, designates as "Confidential—Subject to Protective Order."  Information may be so designated when the Commission reasonably believes the information disclosed constitutes, reflects, discloses or contains information subject to protection under the Privacy Act, 5 U.S.C. § 552a and implementing regulations, Rules 26(c) and 5.2 of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rules or Sections 8(a) and 23(h)(2) of the Commodity Exchange Act, 7 U.S.C. §§ 12(a), 26(h)(2).

2. **Good Faith**.  The Commission shall make "Confidential—Subject to Protective Order" designations in good faith to insure that only those documents most likely to merit Confidential treatment are so designated.  In doing so, it may employ technology, including the implementation of search protocols designed to identify such documents.

3. **Definitions.**

   a. *"Confidential" or "Confidential Information"* refers to Information that the Commission or a Submitting Entity claims is protected from public disclosure by applicable Federal law, including under the Privacy Act of

1974 and/or Commodity Exchange Act. This includes, but is not limited to personally identifiable information ("PII"), Sensitive PII and other types of Information the Parties agree to cover with this Order.

      b.      *"Data Breach"* refers to the loss of control, compromise, unauthorized disclosure, unauthorized acquisition, unauthorized access, or any similar term referring to situations where persons other than authorized users and for an other than authorized purpose have access or potential access to personally identifiable information, whether physical or electronic. *See* OMB Memoranda M-07-16, Safeguarding Against and Responding to the Breach of Personally Identifiable Information.[1]

      c.      *"Information"* refers to the contents of documents, data associated with documents (whether physical or in electronic format); oral and written testimony, in deposition, trial or other proceeding; answers to interrogatories; admissions, disclosures and data derived from objects other than documents, produced or disclosed in this litigation by the Commission, as the producing Party, by a Receiving Party, or by any third-party entity or individual that has submitted information to the Commission; and any portion of any court papers which quote from any of the foregoing.

      d.      *"Party"* or *"Parties"* refer to the individuals and entities named as parties to this litigation, including Plaintiff Commission, Defendants Eric Moncada ("Moncada"), BES Capital LLC ("BES") and Serdika LLC ("Serdika").

---

[1] OMB Memoranda M-07-16, Safeguarding Against and Responding to the Breach of Personally Identifiable Information is available at http://www.whitehouse.gov/sites/default/files/omb/memoranda/fy2007/m07-16.pdf.

e. *"Personally Identifiable Information"* or *"PII"* refers to any information that can be used to distinguish or trace an individual's identity alone or when combined with other personal or identifying information that is linked or linkable to a specific individual, such as name, home address and other personal contact information, financial transactions, medical history, criminal or employment history or social security number.

f. *"Receiving Party"* refers to any Party to this litigation to which the Commission provides or discloses Information in connection with discovery and/or other orders of this Court.

g. *"Sensitive PII"* refers to a subset of PII, which if lost, compromised or disclosed without authorization, could result in substantial harm, embarrassment, inconvenience or unfairness to an individual, such as social security numbers, biometric records, passport numbers, driver's license numbers, bank account routing numbers or certain other financial account information.

h. *"Submitting Entity"* refers to any third-party entity or individual that has submitted information, including Confidential Information, to the Commission.

**B. Procedures.**

a. *Designation.* To designate Information as Confidential, the Commission must mark it or identify it on the record as such. The Commission may withdraw the designation at a later date.

b. *Markings.*

    i. All documents designated as Confidential under this Order shall include the legend "Subject to Protective Order - Confidential" on the face of the document and each page so designated.

    ii. With respect to tangible items or electronically stored information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing such information, if practicable or by written notice to the Receiving Party at the time of disclosure, production or filing.

    iii. With respect to deposition transcripts, the Commission may designate pages of the transcript or exhibits thereto as Confidential within 30 days after receiving the transcript.  Such information may be designated by marking pages with the legend: "Subject to Protective Order - Confidential." Until the end of the 30-day period, the entire deposition transcript will be treated as subject to the protections stated in this Order. If no Party designates Information as Confidential in a deposition within this 30-day period, none of the transcript or its exhibits will be treated as Confidential until such time as a Party thereafter designates a portion as Confidential.

  c. *Timing*.  Documents and other objects must be designated before disclosure.

  d. *Errors*.  Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto.  In the event Confidential Information is inadvertently disclosed, the

Commission may thereafter reasonably assert a claim or designation of confidentiality and promptly provide replacement media consistent with this Order.  Thereafter, the Receiving Party must immediately return the original information and all copies to the Commission and/or destroy such information, and make no use of such information.

  e. *Disclosure*.  Information designated as Confidential may only be disclosed to and used by:

    i. attorneys of record for the Parties and employees of counsel who have responsibility for the action;

    ii. Individual Defendants and officers, directors, employees, former employees, and agents of a Party (including CFTC Commissioners), or parent or affiliate of a Party, to whom it is necessary that Information designated as Confidential under this Protective Order be shown in connection with the preparation and trial of this Action; provided, however, that prior to any such person receiving any Information designated as Confidential, the person shall execute a copy of EXHIBIT A – ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE; also provided that nothing in this paragraph prohibits the use of Confidential Information in summary form and not including information or data that is or may be identifiable as information of any third party in evaluations, analyses or reports provided to senior management, officers or directors in connection with any attempt to settle or otherwise resolve this Action;

iii. outside consultants, investigators, and experts (hereinafter collectively referred to as "experts") retained by the Parties to assist in the preparation and trial of this Action; provided, however, that prior to any expert receiving any Information designated as Confidential, the expert shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

iv. the Producing Party or any person identified in such materials as the author, sender, addressee, or copy recipient of the Confidential Information, provided that prior to such disclosure to any of the foregoing other than the Producing Party, the disclosing party shall use reasonable best efforts to cause the person to whom the Confidential Information is to be disclosed to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

v. any third-party or party-employee witness being examined in this Action in deposition or at trial to whom it is necessary that the Information designated as Confidential under this Protective Order be shown in connection with the examination, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to cause such witness to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

vi. the Court and the Clerk of Court and any of their respective staff and administrative personnel, and the Court reporters, stenographers

employed to take depositions, and any essential personnel retained by the Court;

vii. any other person or entity authorized by law; and

viii. any other person to whom the Commission, in writing, authorizes disclosures.

f. *Security.* Counsel of record are responsible for employing reasonable measures to control access to and distribution of information designated Confidential. Except as provided herein, counsel for the Parties shall keep all documents designated as Confidential secure within their possession. Each person accessing or receiving information designated as Confidential shall receive, process, use, store, maintain, disclose, transmit, backup, handle extracts of, and dispose of such Confidential information: (i) only in compliance with the terms of this Protective Order; (ii) in a location and manner sufficient to protect such information from unauthorized access or disclosure; and (iii) in accordance with industry standard safeguards and applicable Federal information confidentiality and security laws and regulations. Applicable Federal regulations include the Federal Information Processing Standards ("FIPS") and Special Publications issued by the National Institute for Standards and Technology ("NIST").[2] Specifically with regard to Confidential or Highly Confidential Information produced by the Commission in this action on electronic storage media, the Receiving Party must maintain, transmit and store such data using industry standard, off-the-shelf encryption programs and tools.

---

[2] These can be found at http://csrc.nist.gov/publications.

  g. *Permissible Uses of Confidential Information.*

   i. <u>Notice</u>.  Any person having access to Confidential Information shall be informed that it is Confidential and subject to a non-disclosure Order of the Court.  No such person shall release or disclose those materials to any person other than those specifically identified above, without further order of the Court or stipulation of the Parties.

   ii. <u>Acknowledgement</u>.  Upon execution of the certificate attached as Appendix A, ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE, the persons identified in paragraph 3(e) may receive or review Confidential Information.

   iii. <u>Restrictions on Use</u>.  Confidential Information must be used by Defendants only in this proceeding.

   iv. <u>Filings</u>.  If Confidential Information must be filed with or otherwise disclosed to the Court, the Party seeking to file the information must redact the Confidential Information or file under seal.

   v. <u>Hearings and Depositions</u>.  In the event that a Party intends to utilize a document containing Confidential Information during a pre-trial hearing or a deposition, it should redact the information from the document.  If the Confidential Information itself is relevant, it shall provide written notice no less than five (5) days prior to the hearing or deposition to the Commission and the Court.  The use of

such Confidential Information during the hearing or deposition shall be determined by agreement of the Parties or by Order of the Court.

h.   *Challenges.*

i.   Any Receiving Party may object to the propriety of the designation of specific information as Confidential by serving a written objection upon the Commission.  Within five calendar days, the Commission shall respond to such objections in writing by either (i) agreeing to remove the designation; or (ii) stating the reasons for such designation.  If the Parties are unable to agree on the terms and conditions of disclosure for the subject material, the objecting Party may move the Court for an order withdrawing the designation as to the specific designations on which the Parties could not agree.  On such a motion the Commission shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential under applicable law.  The information shall continue to be treated as protected until the Court can rule on the merits of the motion.

ii.   If the basis for the designation is because a Submitting Entity claims it is protected from public disclosure, or because the Commission has informed the Submitting Entity that it would be protected from public disclosure by applicable Federal law, and a Receiving Party objects to the designation, the Commission shall, within 5 days, send notice to the Submitting Entity.  The

     Commission shall not be required to respond to the objection until 10 days after such notice has been sent to the Submitting Entity. The Submitting Entity shall be permitted to intervene to defend the designation pursuant to the procedures and standards set forth in this Order.

  i. *Return.* Within 45 days of the termination of any Receiving Party from this action, that Party, its employees, attorneys, consultants and experts must destroy or return all originals and/or copies of documents with Confidential designations, provided however, that the obligation to destroy such documents that is imposed on counsel shall not occur until the last of their represented Parties has been terminated. At the written request of the Commission, any person or entity having custody or control of designated material, and all copies thereof, shall provide an affidavit certifying that reasonable efforts have been made to insure that all such information has been destroyed or delivered in accordance with the terms of this Order. This Order survives the termination of this proceeding.

  j. *Data Breach.* In the event of a Data Breach of any Confidential Information in the possession, custody or control of a Receiving Party, the Receiving Party shall, immediately after discovery of such Data Breach:

    i. notify the Court, the other Parties, and appropriate law enforcement entity(ies) of the situation in writing. To the extent possible, the notification shall identify the Confidential Information at issue, circumstances surrounding the Data Breach (including to

whom, how, when and where the Confidential Information was placed at risk or compromised) and any other information that the Party whose Confidential Information was affected considers relevant;

    ii.  take appropriate action to cure and prevent any further risk of loss, unauthorized access or disclosure of the information; and

    iii.  fully cooperate with the Party whose information was involved in the Data Breach, and with any law enforcement authority responsible for investigating and prosecuting any possible criminal law violation(s) associated with the incident.

4. **Exclusions**.

    a.    Notwithstanding any other terms in this Protective Order, the producing Party may redact or withhold particularly sensitive personally identifiable information, the unauthorized disclosure of which could result in substantial harm to an individual. Such information may include, but is not limited to, social security numbers, passport numbers and information that may identify a whistleblower under CFTC Rules and the Commodity Exchange Act. The producing Party shall provide a log identifying the type of information withheld and the reason for the redaction or withholding.

    b.    Notwithstanding the foregoing, nothing in this Protective Order shall limit:

    i.    The CFTC's retention or use of any Confidential Information for any of the "Routine Uses of Information" identified in the

applicable CFTC Privacy Act System of Records Notices, or as otherwise authorized, permitted, or required by statutes and regulations governing CFTC practice, policy and procedures, including without limitation the Federal Records Act and Freedom of Information Act; or

ii. The authority of the Commission set forth in Sections 8(a)(1)and 12 of the Commodity Exchange Act, 7 U.S.C. §§ 12, 16, to conduct such investigations as it deems necessary to ascertain the facts regarding the operations of boards of trade and other persons subject to the provisions of the Act; to cooperate with any department or agency of the Government of any State, territory, district or possession, or department, agency, or political subdivision thereof, any foreign futures authority, any department or agency of a foreign government or political subdivision thereof, or any person; to provide assistance to any foreign futures authority if said foreign futures authority so requests; to conduct such investigation as the Commission deems necessary to collect information and evidence pertinent to any request for assistance from any foreign futures authority; or for the Commission to obtain documents, testimony, or information pursuant to an agreement with a foreign futures authority to provide reciprocal assistance to the Commission in futures and options matters.

**C. Addendum**

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that the documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such.  The Court does not intend to be a party to such practices.  The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them.  If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days.  The parties must, within that ten day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential.  The Court will then determine whether the material is in fact genuinely deserving of confidential treatment.  The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment.  The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum.  If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

IT IS SO ORDERED this _____ day of _____, 20__.

_____<br>
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) ERIC MONCADA, ) BES CAPITAL LLC, and ) SERDIKA LLC, ) ) Defendants. ) ) | Case No. 12-cv-8791 (CM) (GWG)  ECF Case |

## ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE

I hereby acknowledge that I have been given a copy of the Stipulated Protective Order dated _____, 2013, in the above-captioned case; that I have read the Stipulated Protective Order; and that I agree to be bound by it. I further understand and agree that I shall not disclose Confidential or Highly Confidential information or documents to others, except in accordance with the Stipulated Protective Order. I further understand and agree that my obligation to honor the confidentiality of such Confidential or Highly Confidential information or documents will continue even after the termination of this litigation. I further understand and agree that, in the event that I violate the terms of the Stipulated Protective Order, I will be subject to sanctions, including but not limited to sanctions by way of contempt of court. I further understand and agree to submit myself to the personal jurisdiction of this Court for matters pertaining to this acknowledgment and declaration.

(If executed within the United States, its territories, possessions or commonwealths) I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, _____ at _____ by _____ Signed: _____.

(If executed outside of the United States) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ____ day of _____, _____ at _____ by _____ Signed: _____.