**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ERIC MONCADA, BES CAPITAL LLC, and SERDIKA LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 12-cv-8791 (CM) (GWG)

ECF Case

## INITIAL REPORT OF THE PARTIES

This Initial Report of the Parties is being submitted by Plaintiff U.S. Commodity Futures

Trading Commission (the "Commission") and Defendant Eric Moncada ("Moncada")

(collectively the "Parties"). Counsel for Moncada, who previously represented Defendants BES

Capital LLC ("BES") and Serdika LLC ("Serdika") prior to the filing of this matter, has

informed counsel for the Commission that both BES and Serdika are no longer in operation;

therefore, BES and Serdika have not joined this Initial Report of the Parties. This case was

designated for inclusion in the Pilot Project Regarding Case Management Techniques for

Complex Civil Cases pursuant to Standing Order M10-468, because it is a Nature of Suit

category 850 - Securities/Commodities/Exchange. As such, the Parties have conferred and

prepared the following positions on the applicable topics of the "Initial Pretrial Conference

Checklist," the Parties' proposed schedule for fact and expert discovery (previously submitted in

the Civil Case Management Plan), and the Parties' positions on whether settlement discussions

or mediation should be engaged.

The Parties have the following positions on the applicable topics of the "Initial Pretrial Conference Checklist" prior to the Initial Pretrial Conference:

1.    Possible limitations on document preservation (including electronically stored information).

Response:    Counsel for the Commission has a litigation hold in place to preserve documents of all relevant staff at the agency.  Additionally, Defendants BES, Serdika and Moncada each received Document Preservation Requests from the Commission on April 5, 2010, instructing them to maintain and protect all records.  Neither Party seeks a limitation on document preservation at this time.

2.    Appropriateness of initial disclosures pursuant to Rule 26(a)(1).  Is there some readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures.

Response:    None identified at this time.

3.    Possibility of a stay or limitation of discovery pending a dispositive motion.

Response:    As of the date of this filing, no answers or dispositive motions have been filed by any of the Defendants.  However, if any dispositive motion(s) are filed by Defendant(s), the Commission may request a stay of discovery pending a ruling on the motion(s).

4.    Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matters.

Response:    The Parties have no objection.

5.    Preliminary issues that are likely to arise that will require court intervention.

Response:       The Parties agree that issues of confidentiality and privacy will arise with respect to electronic trading records.  If the Parties are unable to resolve these issues, the Parties may submit such issues to the Court.

6.       Discovery issues that are envisioned and how discovery disputes will be resolved.

Response:       The Parties are not aware of any discovery issues at this time.

7.       Proposed discovery including:

   a.   Limitations on types of discovery beyond those in the Rules (i.e., waiver of interrogatories, requests for admission, expert depositions).

Response:       None identified at this time.

   b.   Limitations on scope of discovery.

Response:       None identified at this time.

   c.   Limitations on timing and sequence of discovery.

Response:       The Parties agree that depositions should be held no sooner than 60 days after the production of documents.

   d.   Limitations on restoration of electronically-stored information.

Response:       None identified at this time.

   e.   Agreement to allow depositions of trial witnesses named if not already deposed.

Response:       The Parties agree to allow depositions of trial witnesses named if not already deposed.

   f.   Preservation depositions.

Response:       None identified at this time.

   g.   Foreign discovery and issues anticipated.

Response:       None identified at this time.

8.      Schedule (as appropriate and possibly excluding public agency cases) including:

Response:      The parties submitted a Case Management Plan to the Court, which has been rejected as not conforming to the Court's six month discovery schedule.  The Parties request a discovery schedule with the dates in the submitted Case Management Plan due to the complexity of the case.  The dates submitted in the Case Management Plan are included herein.

   a.  Dates for completion of discovery.

Response:      One year from the date of Moncada's answer for fact discovery, plus an additional six months for expert discovery.

   b.  Dates for dispositive motions.

Response:      Dispositive motions shall be filed no later than the date that the Pre-Trial Order is filed.

   c.  Dates for exchange for expert reports

Response:      No later than 60 days following the close of fact discovery.

   d.  Dates for exchange of witness lists

Response:      The Parties shall include witness lists with the Pre-Trial Order.

   e.  Dates for Joint Preliminary Trial Reports and Final Joint Trial Reports

Response:      The Parties shall file a Pre-Trial Order within 90 days after the close of all discovery, or 30 days after final ruling on any dispositive motions other than a motion to dismiss, whichever is later.

   f.  Date for Case Management Conference

Response:      The Court shall set a date for the Case Management Conference following the submission of the Pre-Trial Order.

9.     Issues to be tried.

  a.  Ways in which issues can be narrowed to make trial more meaningful and

      efficient

Response:     None identified at this time.

  b.  Whether there are certain issues as to which a mini-trial would be helpful.

Response:     None identified at this time.

10.    Bifurcation.

Response:     None.

11.    Class certification issues.

Response:     Not applicable.

12.    ADR/Mediation

Response:     The Parties remain open to further settlement discussions and consent to

mediation.

13.    Possibility of consent to trial before a Magistrate Judge

Response:     The Parties do not consent to trial before a Magistrate Judge.

14.    Pleadings, including sufficiency and amendment, and the likelihood and timing of

amendments.

Response:     The time period for Defendants to file answers has not passed; therefore

the Parties do not know the likelihood of amendments to any pleadings.

15.    Joinder of additional parties, and the likelihood and timing of joinder of additional

parties

Response:     None anticipated at this time.

16.    Expert witnesses (including the necessity or waiver of expert depositions)

Response:      Both parties anticipate retaining testifying experts and consent to expert

depositions.

17.     Damages (computation issues and timing of damages discovery)

Response:      Not applicable because the Commission is only seeking Civil Monetary

Penalties.

18.     Final pretrial order (including possibility of waiver of order)

Response:      A pre-trial order is required to be filed under Judge McMahon's local rules

within 90 days following the end of all discovery.

19.     Possible trial-ready date.

Response:      Judge McMahon's local rules say the Court will set a final pre-trial

conference at some point after the pre-trial order is filed.  The "trial-ready" date will be

any time after that conference.

20.     Court logistics and mechanics (e.g. communications with the court, streamlined

motion practice, pre-motion conferences, etc.)

Response:      Pursuant to Judge McMahon's local rules.

21.     The need for additional meet and confer sessions, to continue to discuss issues

raised at the initial conference among counsel.

Response:      None anticipated at this time, but the Parties remain open to meeting.

Dated: _____

New York, New York

Upon consent of the parties:

_____
Rick Glaser, Associate Director
Counsel for Plaintiff U.S. Commodity Futures Trading Commission

_____
Richard Asche
Counsel for Defendant Eric Moncada

SO ORDERED:

_____
Hon. Colleen McMahon
United States District Judge