UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ERIC MONCADA; BES CAPITAL LLC; and SERDIKA LLC.<br>　　　　　　　Defendant(s). | Civil Action No. <u>12-cv-8791 (CM)</u><br><u>(GWG)</u> |

**MEMORANDUM IN OPPOSITION
TO DEFENDANT MONCADA'S MOTION TO EXTEND TIME**

　　Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") hereby respectfully submits this memorandum in opposition to the Motion to Extend Time (Dkt. No. 25), filed by Defendant Eric Moncada ("Defendant") on September 10, 2013.  Defendant has moved to extend multiple time periods set by the Court's Civil Case Management Plan (the "Plan") (Dkt. No. 12), which this Court entered on February 8, 2013.  Specifically, Defendant has requested that the discovery deadline be extended from September 13, 2013, to October 15, 2013, and that the deadline for filing a pre-trial order be extended from October 11, 2013, to October 31, 2013.

　　The Court entered the Plan after a scheduling conference at which both counsel for Defendant and the Commission were present.  The Plan ordered that "[a]ll discovery, *including expert discovery*, must be completed on or before September 13, 2013."  Plan, Para. 6 (emphasis

1

in original).  The Plan also requires that Defendant's expert disclosures pursuant to F.R.C.P. 26 and expert report be produced by July 31, 2013.  *Id.*

The Plan states that "[t]his scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time the order is entered.  *Counsel should not assume that extensions will be granted as a matter of routine.*"  Plan, Para. 12 (emphasis in original), *accord* Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  An inquiry into good cause "is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment."  *Ritchie Risk-Linked Strat. Trad. (Ir.), Ltd. v. Coventry First, LLC*, 282 F.R.D. 76, 79, 09-cv-1086 (VM) (S.D.N.Y. June 5, 2012).  A party seeking to reopen expert discovery "must show that the tardy submission of its desired expert report was not caused by the party's own lack of diligence."  *Id.* (citations omitted).  In making such a determination, the Court may look at whether the non-moving party would be prejudiced, although a lack of prejudice is by itself insufficient.  *Id.*, at 79 n 2.

Six weeks after the July 31, 2013 deadline for submitting his expert report and only four days before the close of all discovery, Defendant requested an extension of the already-passed deadline for the submission of his expert report and disclosures.  Defendant has presented no good cause to reopen expert discovery.  Defendant stated that his purported expert witness has not been able to analyze the trade data that the Commission produced.  Affirmation of Richard Asche ("Asche Affirmation"), at 2 (Dkt. No. 26).  The Commission produced this trade data to Defendant on April 30, 2013.  Affidavit of Andrew Ridenour ("Ridenour Affidavit"), at para. 3 (attached hereto as Exh. "A").  Defendant admits that he has been in contact with his purported expert since mid-June 2013 and sent him the trade data at some point in June.  Asche

Affirmation, at 2; Letter from Wollack to Asche (Dkt. No. 26-3).  Defendant's failure to produce an expert report as required by the Plan, or even to disclose the identity of his purported expert to the Commission (the Commission only learned the identity of Defendant's potential expert by this filing), can only be ascribed to a lack of diligence in meeting his discovery obligations.

The Defendant has already exhibited a lack of diligence in this case.  The Defendant produced his initial disclosures nearly two months after the Court's April 30, 2013 deadline, *see* Defendant's Rule 26 Disclosures, filed June 24, 2013 (Dkt. No. 23), and only did so after the Commission had to request a referral to Magistrate Judge Gorenstein regarding the Defendant's failure to timely file them.  *See* Order Referring Case to Magistrate Judge, entered June 11, 2013 (Dkt. No. 21).  Now, six weeks after the deadline has passed for him to provide his expert's report and make his expert disclosures under Fed.R.Civ.P. 26(a)(2), Defendant is requesting more time.

The Commission met its deadlines under the Plan, including finding and retaining its expert witness, Dr. Hendrik Bessembinder (whom the Commission did not retain or provide trade data to until after the Court entered the Plan on February 8, 2013), having Dr. Bessembinder analyze all relevant trade data, and having him produce a report by the April 30, 2013, deadline.  Ridenour Affidavit, at para. 2-3.

While the absence of prejudice would not excuse Defendant's lack of diligence, the Commission would be greatly prejudiced by an extension of the discovery deadlines.  The Commission would need to review any expert reports, provide such reports to Dr. Bessembinder for a possible rebuttal report, prepare for the deposition of Defendant's purported expert, and possibly prepare a motion in limine to strike Defendant's purported expert on *Daubert* or other

3

grounds.  In effect, the parties would have to reopen a substantial amount of discovery *after* the deadline for all discovery had passed.

    For the reasons set forth above, the Commission requests that the Court deny Defendant's Motion to Extend Time.

                              Respectfully submitted,

                              _____*/s/ Andrew Ridenour*_____
                              Richard Glaser (Member, New York State Bar and U.S. District Court for the Southern District of New York Bar No. RG8652)
Andrew Ridenour (D.C. Bar No. 501628)
Brian M. Walsh (Member, Maryland Bar)
Kenneth McCracken (Missouri Bar No. 44049)
U.S. Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
Tel:  (202) 418-5358 (Glaser)
Tel:  (202) 418-5438 (Ridenour)
Tel:  (202) 418-5116 (Walsh)
Tel:  (202) 418-5348 (McCracken)
Fax:  (202) 418-5937
rglaser@cftc.gov
aridenour@cftc.gov
bwalsh@cftc.gov
kmccracken@cftc.gov

Dated this 12th day of September, 2013.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 12, 2013 I caused this Memorandum in Opposition to Motion to Extend Time to be served via electronic mail upon:

Eric Moncada
Through Counsel Richard Asche
richardasche@lagnyc.com

             By: /s/ *Andrew Ridenour*
             Andrew Ridenour