UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ERIC MONCADA; BES CAPITAL LLC; and SERDIKA LLC.<br>　　　　　　Defendant(s). | Civil Action No. 12-cv-8791 (CM) (GWG) |

**MOTION TO RECONSIDER ORDER GRANTING
DEFENDANT MONCADA'S MOTION TO EXTEND TIME
OR, IN THE ALTERNATIVE, TO RESET DISCOVERY DEADLINES**

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") hereby respectfully moves this Court to reconsider its order dated September 12, 2013 (the "Order") (Dkt. No. 28), granting Defendant Eric Moncada's ("Defendant's") Motion to Extend Time (Dkt. No. 26), for the reasons set forth more fully below.  In the alternative, the Commission respectfully moves this Court to amend the discovery schedule to allow for the same amounts of time between deadlines as laid out in the original Civil Case Management Plan (the "Plan") (Dkt. No. 12), to wit, 45 days between the deadline for Defendant to produce an expert report and the close of discovery, and 28 days between the close of discovery and the submission of a joint pre-trial order and the deadline for filing dispositive motions.  The Commission further requests that any discovery beyond the original discovery deadline of September 13, 2013 be limited to the Commission's deposition of Defendant's expert witness so as not to reward Defendant's prior failure to conduct any offensive discovery.

　　The parties conferred regarding this motion on September 12, 2013.  Counsel for Defendant has not consented to the Motion for Reconsideration.  Counsel for Defendant consents

1

to the proposed discovery deadlines in the alternative Motion to Reset Discovery Deadlines, but does not consent to the limitations proposed by the Commission.

**I.      Motion to Reconsider**

The Court should reconsider its Order because Defendant failed to inform the Court of the Commission's objection. Moreover, Defendant's Motion to Extend Time failed to show good cause under Fed.R.Civ.P. 16(b)(4). Finally, the dates that Defendant proposed severely prejudice the Commission, which has abided by all of its discovery deadlines and obligations.

*A. Defendant's Motion to Extend Time Was Defective*

Defendant's Motion to Extend Time did not comply with the Court's Individual Practices and Procedures, which requires that "All requests for adjournments or extension of time…must include: (#4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent[.]" Rule I. E.  On September 9, 2013, Defendant's counsel asked Commission counsel if the Commission would consent to a sixty day extension of the discovery schedule. Commission counsel told Defendant's counsel that the Commission would not consent. However, Defendant's Motion to Extend Time did not include any statement reflecting the Commission's opposition to the motion. *See, generally,* Motion to Extend Time. Thus, Defendant's Motion to Extend Time may have led the Court to believe that the Commission did not oppose the proposed extensions.

The Commission, upon receipt of Defendant's Motion to Extend Time at 5:27 p.m. on September 10, 2013, began preparing a memorandum in opposition. The Commission filed its Memorandum in Opposition to Defendant Moncada's Motion to Extend Time ("Opposition Memorandum") on the ECF filing system at 1:53 p.m. on September 12, 2013 (Dkt. No. 27). The Court's Order was distributed by the ECF filing system at 3:09 p.m. on September 12, 2013.

B. **The Court Should Reconsider in Light of Case Law and the Court's Individual Practices and Procedures**

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).

As discussed in Section I.A above, Defendant's failure to note the Commission's objection prevented the Court from knowing, and therefore considering, the issues raised in the Commission's Opposition Memorandum which was filed almost simultaneously with the Order.

On February 8, 2013, the Court entered the Plan after a scheduling conference at which both counsel for Defendant and the Commission were present. The Plan ordered that "[a]ll discovery, *including expert discovery*, must be completed on or before September 13, 2013." Plan, Para. 6 (emphasis in original). The Plan also required that Defendant's expert disclosures pursuant to F.R.C.P. 26 and expert report be produced by July 31, 2013. *Id.*

The Plan states that "[t]his scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time the order is entered. *Counsel should not assume that extensions will be granted as a matter of routine*." Plan, Para. 12 (emphasis in original), *accord* Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). An inquiry into good cause "is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Ritchie Risk-Linked Strat. Trad. (Ir.), Ltd. v. Coventry First, LLC*, 282 F.R.D. 76, 79, 09-cv-1086 (VM) (S.D.N.Y. June 5, 2012). A party seeking to reopen expert discovery "must show that the tardy submission of its desired expert report was not caused by the party's own lack of diligence." *Id.* (citations omitted). In making

such a determination, the Court may look at whether the non-moving party would be prejudiced, although a lack of prejudice is by itself insufficient. *Id.*, at 79 n. 2.

Defendant's Motion to Extend Time did not provide any good cause for doing so. As such, the Order adopting the Motion to Extend Time failed to address the requirements of Fed.R.Civ.P. 16(b)(4) and extensive case law on the need for good cause to change discovery deadlines. Any evaluation of good cause in this matter would weigh against Defendant's Motion to Extend Time.

Six weeks after the July 31, 2013 deadline for submitting his expert report and only four days before the close of all discovery, Defendant requested an extension of the already-passed deadline for the submission of his expert report and disclosures. Defendant has presented no good cause to reopen expert discovery. Defendant stated that his purported expert witness has not been able to analyze the trade data that the Commission produced. Affirmation of Richard Asche ("Asche Affirmation"), at 2 (Dkt. No. 26). The Commission produced this trade data to Defendant on April 30, 2013. Affidavit of Andrew Ridenour ("Ridenour Affidavit"), at para. 3 (Dkt. No. 27-1). Defendant admits that he has been in contact with his purported expert since mid-June 2013 and sent him the trade data at some point in June. Asche Affirmation, at 2; Letter from Wollack to Asche (Dkt. No. 26-3). Defendant's failure to produce an expert report as required by the Plan, or even to disclose the identity of his purported expert to the Commission (the Commission only learned the identity of Defendant's purported expert when Defendant filed the Motion to Extend Time), can only be ascribed to a lack of diligence in meeting his discovery obligations.

The Defendant has consistently exhibited a lack of diligence in this case. The Defendant produced his initial disclosures nearly two months after the Court's April 30, 2013 deadline, *see*

4

Defendant's Rule 26 Disclosures, filed June 24, 2013 (Dkt. No. 23), and only did so after the Commission had to request a referral to Magistrate Judge Gorenstein regarding the Defendant's failure to timely file them.  *See* Order Referring Case to Magistrate Judge, entered June 11, 2013 (Dkt. No. 21).  Now, six weeks after the deadline has passed for him to provide his expert's report and make his expert disclosures under Fed.R.Civ.P. 26(a)(2), Defendant requested more time.

The Commission met its deadlines under the Plan, including finding and retaining its expert witness (whom the Commission did not retain or provide trade data to until after the Court entered the Plan on February 8, 2013), having the expert analyze all relevant trade data, and having him produce a report by the April 30, 2013, deadline.  Ridenour Affidavit, at para. 2-3.

### C. *The Order Adopting Defendant's Motion to Extend Time Prejudices the Commission*

The dates adopted in the Order severely prejudice the Commission, which has complied with all of its discovery deadlines and obligations in this case.  First, the Order adopting the Motion to Extend Time does not state what date Defendant's expert report would be due.  At present, there are as few as fifteen days between the date that Defendant's expert report must be produced to the Commission (as late as September 30, 2013) and the close of discovery (October 15, 2013).  If the Commission receives Defendant's expert report on September 30, 2013, it would have only fifteen days to notice and take Defendant's purported expert's deposition before discovery closes.  This would not provide sufficient time for the Commission to adequately review any expert reports, provide such reports to the Commission's expert for a possible rebuttal report, and prepare for the deposition of Defendant's purported expert.  Pursuant to Fed.R.Civ.P. 32(a)(5)(A), a party must provide fourteen day's notice for a deposition.

Second, under the new discovery schedule, the parties would only have two weeks between the close of discovery (October 15, 2013) and the deadline for submitting a joint pre-trial order and any dispositive motions (October 31, 2013), only half of the amount of time provided in the original Plan.

Because the Order: (a) adopted a motion which violated the Court's Individual Practices and Procedures by not indicating it was opposed; (b) did not provide any good cause for amending the discovery schedule against the requirements of Fed.R.Civ.P. 16(b)(4); and (c) severely prejudices Commission, which has complied with all of its discovery deadlines and obligations, the Commission respectfully requests that the Court reconsider the Order.

## II.     Motion, in the Alternative, To Further Amend Discovery Schedule

If the Court rejects the Commission's Motion to Reconsider the Order, the Commission respectfully requests that the Court further amend the discovery schedule so as to not penalize the Commission.  As discussed above, the new discovery schedule does not provide sufficient time for the Commission to notice and take the deposition of Defendant's purported expert witness, reducing the time from 45 days to 15 days.  This significantly reduced period of time for the Commission to take any deposition of Defendant's purported expert witness is certainly not due to a lack of diligence on the Commission's part, because Defendant never disclosed the name or existence of any expert witness until he filed the Motion to Extend Time.  Therefore, good cause would exist to amend the discovery schedule so as not to penalize the Commission, the only party that has fulfilled all of its discovery deadlines and obligations.

Should the Court not reinstate the schedule originally laid out in the Court's Plan, the Commission therefore would propose the following discovery deadlines:

6

- November 15, 2013 for the close of discovery.  This date is 45 days from the last possible due date (September 30, 2013) for Defendant's expert report, equal to the original time allotted in the Plan;

- December 13, 2013 for the parties to file their joint pre-trial order and any dispositive motions.  This date is 28 days from the new close of discovery, equal to the original time allotted in the Plan.

Further, Defendant has failed to conduct any offensive discovery, such as any depositions, requests for production, requests for admission, or interrogatories.  Second Affidavit of Andrew Ridenour, at para. 2 (attached hereto as Exh. "A").  Defendant had nearly five months since the Commission produced its expert report (April 30, 2013, in compliance with the Plan) to take his deposition.  Defendant, however, has never noticed the Commission's expert's deposition.

Therefore, the Commission requests that any discovery conducted after the original close of discovery (September 13, 2013) be limited solely to any deposition by the Commission of Defendant's purported expert witness.  The extension of the discovery deadlines should not reward Defendant, who has done nothing to date to advance its case, and penalize the Commission, which is the only party that has actually complied with all of its discovery deadlines and obligations.

Respectfully submitted,

_____*/s/ Andrew Ridenour*_____
Richard Glaser (Member, New York State Bar and U.S. District Court for the Southern District of New York Bar No. RG8652)
Andrew Ridenour (D.C. Bar No. 501628)
Brian M. Walsh (Member, Maryland Bar)
Kenneth McCracken (Missouri Bar No. 44049)
U.S. Commodity Futures Trading Commission

7

                 1155 21st Street, NW
                 Washington, DC 20581
                 Tel:  (202) 418-5358 (Glaser)
                 Tel:  (202) 418-5438 (Ridenour)
                 Tel:  (202) 418-5116 (Walsh)
                 Tel:  (202) 418-5348 (McCracken)
                 Fax:  (202) 418-5937
                 rglaser@cftc.gov
                 aridenour@cftc.gov
                 bwalsh@cftc.gov
                 kmccracken@cftc.gov

Dated this 12th day of September, 2013.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 12, 2013 I caused this Motion to Reconsider Order Granting Defendant Moncada's Motion to Extend Time or, In the Alternative, to Reset Discovery Deadlines to be served via electronic mail upon:

Eric Moncada
Through Counsel Richard Asche
richardasche@lagnyc.com

              By: /s/ *Andrew Ridenour*
              Andrew Ridenour