UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

U.S. COMMODITY FUTURES TRADING
COMMISSION,

                       Plaintiff,                      Civil Action No. 12 CV 8791 (CM)

      -against-

ERIC MONCADA,                                     ECF Case
BES CAPITAL LLC, and
SERDIKA LLC,

                       Defendants.

--------------------------------------------------------X

MEMORANDUM IN RESPONSE OF DEFENDANT ERIC
MONCADA TO PLAINTIFF'S MOTION FOR "RECONSIDERATION"

       This Memorandum is submitted in partial opposition to the motion by plaintiff for reconsideration of the Court's order of yesterday extending the discovery deadline to October 15, 2013, and extending the date for submission of defendant's expert report to September 30, 2013.

       Defendant opposes reconsideration, but would consent to a modification of the Court's order requested as alternative relief in plaintiff's motion, viz, extending the closing date for discovery to November 15 and the date for submission of the joint-trial order to December 13.  Defendant would also consent to limitation of further discovery to depositions of the parties' experts.  (Defendant does not consent to the plaintiff's proposal that only the plaintiff be permitted an expert deposition).

       To the extent not consented to, defendant opposes the motion for reconsideration.

As this Court noted in <u>MyPlayCity, Inc. v. Conduit Ltd</u>., 2012 U.S. Dist. LEXIS 100492 (SDNY 2012):

> A party seeking reconsideration "must demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion that might have altered the result reached by the Court." (Citations omitted). "Reconsideration may be granted to correct clear error, prevent manifest injustice, or review the court's decision in light of the availability of new evidence." (Citations omitted).
>
> Typically, the Court's review is "narrow and applies only to already-considered issues; new arguments and issues are not to be considered. (Citations omitted). A motion for reconsideration "is not a substitute for appeal and may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision." (Citations and quotations omitted).

At bar, plaintiff's Memorandum on this motion is virtually identical to its motion in opposition to the original motion. Both memoranda are short; neither is complex; and it is inconceivable that the Court "overlooked" anything in plaintiff's original response.

To the extent that plaintiff claims "prejudice" from the extension, we note that plaintiff <u>originally</u> proposed a much lengthier discovery period of 18 months, including expert discovery. To the extent that plaintiff claims that it will have inadequate opportunity to depose defendant's expert, as noted above, we consent to the extension requested by plaintiff, which would eliminate any claim of prejudice.

## Conclusion

The motion for reconsideration, except to the extent consented to, should be denied.

Dated:     New York, New York

September 13, 2013

Respectfully submitted,

Litman, Asche & Gioiella, LLP
Attorneys for Defendant Eric Moncada


By:     /s/  Richard M. Asche
           Richard M. Asche

140 Broadway – 38th Floor
New York, New York  10005
(212) 809-4500