**Attachment A to the Joint Pre-Trial Order**

REMEDIES

**ORDER OF PERMANENT INJUNCTION**

A.     **Prohibition on Conduct in Violation of the Act**

**IT IS HEREBY ORDERED** that, based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendants and any of their affiliates, agents, servants, employees, successors, assigns, attorneys, and persons in active concert with them, are permanently restrained, enjoined and prohibited from directly or indirectly:

(1)     attempting to manipulate the price of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity, including any contract market in violation of Sections 6(c), 6(d), and 9(a)(2) of the Act, 7 U.S.C. §§ 9, 13b, and 13(a)(2) (2006);

(2)     offering to enter into, enter into, or confirm the execution of a fictitious sale in violation of Section 4c(a) of the Act, as amended, to be codified at 7 U.S.C. § 6c(a) (2006);

(3)     knowingly enter into futures transactions that are not executed openly and competitively in violation of Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2012);

B.     **Prohibition on Activities Related to Trading and Registration**

**IT IS FURTHER ORDERED** that Defendants, and any of their affiliates, agents, servants, employees, successors, assigns, attorneys, and persons in active concert with them, are permanently enjoined and prohibited from, directly or indirectly:

(1)     trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as Amended, 7 U.S.C. § 1a);

(2) entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3 (hh), 17 C.F.R. § 1.3(hh) (2011)) ("commodity options"), security futures products, swaps and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect interest;

(3) having any commodity futures, options on commodity futures, commodity options, security futures products, swap and/or forex contracts traded on their behalf;

(4) engaging in, controlling, or directing the trading for any commodity futures, options on commodity futures, commodity options commodity options, security futures products, swaps and/or forex contracts, in any markets or on any entity regulated by the Commission, for themselves or on behalf of any other person or entity, whether by power of attorney or otherwise;

(5) applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and

(6) acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012);

**C.    Scope of Injunction**

The injunctive and other provisions of this Order shall be binding on Defendants and any person who is acting as their affiliate, agent, servant, employee, successor, assign, and attorney who receives actual notice of this Order by personal service or otherwise insofar as such person is acting in active concert or participation with Defendants.

**MONETARY SANCTIONS**

**A.     Civil Monetary Penalty**

(1)     Pursuant to Section 6c(d)(1) of the Act, the Court imposes, and Moncada shall pay a civil monetary penalty of *** plus post-judgment interest;

(2)     Pursuant to Section 6c(d)(1) of the Act, the Court imposes, and BES shall pay a civil monetary penalty of *** plus post-judgment interest;

(3)     Pursuant to Section 6c(d)(1) of the Act, the Court imposes, and Serdika shall pay a civil monetary penalty of *** plus post-judgment interest;

(4)     Post-judgment interest shall accrue on the CMP Obligation commencing on the date of entry of this Order and shall be determined by using the United States Treasury Bill rate prevailing on that date pursuant to 28 U.S.C. § 1961.

**C.     Payment Procedures, Priority of Monetary Sanctions and Partial Payments**

(1)     Defendants shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

   Commodity Futures Trading Commission
   Division of Enforcement
   Attn:  Accounts Receivables- AMZ 340
   DOT/FAA/MMAC
   6500 S. MacArthur Blvd.
   Oklahoma City, OK 73169

Telephone: (405) 954-5644

If payment is to be made by electronic funds transfer, Davis and Howard shall contact Nikki Gibson or her successor at the above address to receive payment instructions and shall fully comply with those instructions.  Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies him and the name and docket number of this proceeding.  Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

(2)   Any acceptance by the Commission of partial payment from Defendants of the CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment from Defendants of any remaining balance.

(3)   Defendants shall not transfer, or cause others to transfer, funds or other property to the custody, possession, or control of any members of their family or any other person or entity for the purpose of concealing such funds from this Court or the Commission until the CMP Obligation set forth above have been satisfied in full.

(4)   All notices required by this Order shall be sent by certified mail, return receipt requested.  Notices to the CFTC shall be sent to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.  Defendants shall provide the CFTC with written notice of all changes to his contact telephone number(s) and/or mailing address within ten (10) calendar days of the change(s).

(5)     This Court shall retain jurisdiction of this cause to assure compliance with this Order, the CMP Obligation and for all other purposes related to this action.  This Order shall be interpreted and enforced according to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and all provisions of the Act and Commission Regulations relating or referring to the obligations hereunder.