UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br>              **Plaintiff,**<br><br>      v.<br><br>**ERIC MONCADA; BES CAPITAL LLC; and SERDIKA LLC.**<br>              **Defendant(s).** | Civil Action No. 12-cv-8791 (CM) (GWG) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AGAINST DEFENDANT MONCADA**

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission"), pursuant to Federal Rule of Civil Procedure 56, respectfully moves this Court to enter a Summary Judgment of permanent injunction and other ancillary relief in favor of the Commission and against Defendant Eric Moncada ("Moncada") ("Summary Judgment Motion"). In support of this motion, the Commission is simultaneously filing its Memorandum in Support of Plaintiff's Motion for Summary Judgment ("Summary Judgment Memorandum"), its Rule 56.1 Statement of Undisputed Material Facts ("SUMF"), and the Fourth Affidavit of Andrew Ridenour, with attached exhibits to the SUMF, and states as follows:

    1.    On December 4, 2012, the Commission filed a ten (10) count Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties under the Commodity Exchange Act ("Complaint") against defendants Moncada, BES Capital, LLC ("BES"), and Serdika, LLC ("Serdika") seeking injunctive and other equitable relief for violations of the

Commodity Exchange Act, as amended ("Act" or "CEA"), 7 U.S.C. §§ 1 *et seq.* (2006) and the U.S. Commodity Futures Trading Commission's ("Commission" or "CFTC") Regulations ("Regulations").

2.      The Complaint charges that that Moncada, directly, and in his capacity as a member and/or agent of BES and Serdika, (collectively "Defendants"), attempted to manipulate the price of the December 2009 #2 Soft Red Winter Wheat commodity futures contract traded on the Chicago Board of Trade ("CBOT") (hereinafter "December 2009 Wheat Futures Contract") on eight trading days- October 6, 12, 14, 19, 26, 27, 29, and 30, 2009 (collectively the "attempted manipulation dates").  On the alleged attempted manipulation dates, Moncada, while trading accounts in the name of BES and/or Serdika, allegedly employed a strategy utilizing multiple trading tactics in the CBOT Wheat Futures Contract market on the electronic trading platform, Globex, with the intent to affect the price of the December 2009 Wheat Futures Contract.  These acts and practices allegedly constitute violations of Sections 6(c), 6(d), and 9(a)(2) of the Act, 7 U.S.C. § 9, 13b and 13(a)(2)(2006).

3.      Additionally, Moncada, directly, and in his capacity as a member and/or agent of BES and Serdika, engaged in several fictitious sales and non-competitive transactions in the December 2009 CBOT Wheat Futures Contract between BES and Serdika on October 6, 12, 15, and 29, 2009 (collectively the "fictitious sales dates").  Moncada traded in accounts in the name of BES and in the name of Serdika.  On the alleged fictitious sales date entered opposing buy and sell orders for December 2009 Wheat Futures Contracts on opposite sides of the market in his BES trading account and his Serdika trading account on four days in October 2009 – October 6, 12, 15, and 29, 2009 – at the same price, same quantity, at virtually the same time.  These orders, ranging in size from 80 to 271 lots, resulted in futures positions moving between the BES and Serdika

accounts that Moncada traded. Moncada knowingly entered offsetting orders in the December 2009 Wheat Futures Contract market with the intent of having those orders trade against each other. Moncada determined the price for these transactions outside of the market. Moncada's transactions were fictitious sales, and therefore violated Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2006). Moncada's transactions were also non-competitive and therefore violated Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2012).

4. As outlined in Plaintiff's Statement of Undisputed Material Facts, there are no genuine disputed issues of material fact that preclude entry of judgment as a matter of law in favor of the Commission on all counts of the Complaint. Plaintiff's Summary Judgment Memorandum sets forth supporting legal authority.

5. If the Court grants Plaintiff's Motion for Summary Judgment, plaintiff seeks the opportunity to propose appropriate relief regarding a permanent injunction, trading and registration prohibitions, and a civil monetary. The appropriate amount for a civil monetary penalty in particular will depend on the Court's findings and conclusions of law. Notably, the Act includes separate civil monetary penalty provisions for (a) attempted manipulation, and (b) fictitious sales and non-competitive transactions. The Act provides for civil monetary penalties of up to $1,000,000 *for each violation* of the prohibition on manipulation and attempted manipulation. Section 6c(d)(1)(B) of the Act, as amended, 7 U.S.C. § 6c(d)(1)(B) (2012). For all other violations of the Act and Regulations, including the prohibitions on fictitious sales and non-competitive transactions, the Act provides for civil monetary penalties of up to $140,000 *for each violation*. Section 6c(d)(1)(A) of the Act, as amended, 7 U.S.C. § 6c(d)(1)(A) (2012); 17 C.F.R. § 143.8 (2013) (adjusting for inflation).

WHEREFORE, for the reasons set forth above and in Plaintiff's Memorandum in Support of Its Motion for Summary Judgment, plaintiff U.S. Commodity Futures Trading Commission respectfully requests that this Court: (1) enter judgment as a matter of law against Defendant Moncada on all counts and find him liable for violating Sections 6(c), 6(d), and 9(a)(2) of the Act, 7 U.S.C. § 9, 13b and 13(a)(2)(2006) for his actions involving attempted manipulation and Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2006) and Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2012) for engaging in fictitious sales and non-competitive transactions; (2) enter an order of permanent injunction;[1] (3) prohibit any commodity related activity; (4) impose a civil monetary penalty; and (5) grant such further relief as is necessary or appropriate.

Dated: January 29, 2014

Respectfully Submitted,

  /s/ Andrew Ridenour
Andrew Ridenour (D.C. Bar No. 501628)
Richard Glaser (Member, New York State Bar and U.S. District Court for the Southern District of New York Bar No. RG8652)
Jennifer S. Diamond (Illinois Bar No. 6278482)
Kenneth McCracken (Missouri Bar No. 44049)
U.S. Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
Tel:  (202) 418-5358 (Glaser)
Tel:  (202) 418-5438 (Ridenour)
Tel:  (202) 418-5244 (Diamond)
Tel:  (202) 418-5348 (McCracken)
Fax:  (202) 418-5937
rglaser@cftc.gov
aridenour@cftc.gov
jdiamond@cftc.gov
kmccracken@cftc.gov

---

[1] In the event this Court grants plaintiff's motion in part or in full, plaintiff's counsel respectfully requests the opportunity to tender a proposed order.

4

# **CERTIFICATE OF SERVICE**

      I hereby certify that on January 29, 2014, I caused (a) this Motion for Summary Judgment Against Defendant Eric Moncada; (b) Memorandum in Support of Plaintiff's Motion for Summary Judgment Against Defendant Eric Moncada; (c) Plaintiff's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment Against Defendant Eric Moncada; and (d) the Fourth Affidavit of Andrew Ridenour, with attached exhibits, to be served via electronic mail upon:

Eric Moncada
Through Counsel Richard Asche
richardasche@lagnyc.com

                                     By: /s/ *Andrew Ridenour*
                                            Andrew Ridenour