# EXHIBIT 5

TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL
FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANT ERIC MONCADA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>       **Plaintiff,**<br><br>v.<br><br>ERIC MONCADA; BES CAPITAL LLC; and SERDIKA LLC.<br><br>       **Defendant(s).** | Civil Action No. <u>12-cv-8791 (CM)</u> <u>(GWG)</u><br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT ERIC MONCADA** |

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff U.S. Commodity Futures

Trading Commission ("Commission") hereby propounds the following requests to Defendant

Eric Moncada ("Moncada") and requests that they be answered separately and fully in

accordance with Federal Rule of Civil Procedure 36 and the definitions and instructions set forth

below.  Answers to these requests shall be served within 30 days of service.


## DEFINITIONS

1.  "Person" means any natural person, group, corporation, association, firm,

partnership, company, joint venture, sole proprietorship, governmental entity, or any other

organization or legal or business entity and the officers, employees, agents, attorneys, servants,

or representatives of such entity.

2.  "BES" means Defendant BES Capital LLC and includes any of its subsidiaries,

affiliates, divisions, predecessors, successors, assigns, guarantors and any other related

corporation, partnership, proprietorship, association or organization, and also includes any

1

director, officer, principal, shareholder, employee, consultant, agent, representative, attorney, accountant, servant, principal, officer, representative or other person acting or purporting to act for or on its behalf.

3.     "Serdika" means Defendant Serdika LLC and includes any of its subsidiaries, affiliates, divisions, predecessors, successors, assigns, guarantors and any other related corporation, partnership, proprietorship, association or organization, and also includes any director, officer, principal, shareholder, employee, consultant, agent, representative, attorney, accountant, servant or other person acting or purporting to act for or on its behalf.

4.     "You" and "your" mean Defendant Eric Moncada and includes any present or previous attorney, accountant, agent, servant, principal, officer, representative or other person acting or purporting to act for or on your behalf.

5.     "CME" means Chicago Mercantile Exchange.

6.     "CBOT" means Chicago Board of Trade.

7.     "CBOT Wheat Futures" means CBOT #2 Soft Red Winter Wheat futures contracts.

8.     "KCBT" means Kansas City Board of Trade.

9.     "KCBT Wheat Futures" means KCBT Hard Red Winter Wheat futures contracts.

10.     "TT platform" means a computer program under license from Trading Technologies International, Inc.

11.     "Manually" for purposes of trading on the TT platform means entering orders, cancelations or modifications through keyboard strokes or mouse clicks made by a human being, as opposed to orders, modifications or cancelations generated automatically by a computer program or algorithm.

12.     "Iceberg function" means an option available on the TT platform to enter an order while revealing only a certain portion of the order to other market participants.

## INSTRUCTIONS

1.      The discovery requested herein, unless otherwise specified, covers the period from January 1, 2007 to October 31, 2010 ("relevant period").  To the extent that any answer varies with respect to any part of that period, a separate answer is required for each such part, with the pertinent dates indicated.

2.      In accordance with Federal Rule of Civil Procedure 36(a)(4), if a request is not admitted, the answer must specifically deny it or state in detail why you cannot truthfully admit or deny it.  A denial of a request must fairly respond to the substance of the matter; and when good faith requires that you qualify an answer or deny only a part of a request, the answer must specify the part admitted and qualify or deny the rest.  You may assert lack of knowledge or information as a reason for failing to admit or deny part or all of a request only if you state that you have made reasonable inquiry and that the information you know or can readily obtain is insufficient to enable you to admit or deny.

## REQUESTS TO ADMIT

1.      Admit that, during the relevant period, you had an employment contract with BES.

Answer:

2.      Admit that, during the relevant period, you held an ownership interest in BES.

Answer:

3.      Admit that, during the relevant period, you were an employee, principal, member, owner, partner, manager, officer, or agent of BES.

Answer:

3

4.      Admit that, during the relevant period, you were an employee, principal, member, owner, partner, manager, officer or agent of Serdika.

Answer:

5.      Admit that, during the relevant period, you had an employment contract with Serdika.

Answer:

6.      Admit that, during the relevant period, you were registered with the Commission as a floor broker.

Answer:

7.      Admit that, during the relevant period, you had authority to trade account A4858, held at Advantage Futures in the name of Serdika LLC (hereafter "Serdika account A4858").

Answer:

8.      Admit that, during the relevant period, you had authority to trade account A5187, held at Advantage Futures in the name of BES Capital LLC (hereafter "BES account A5187").

Answer:

9.      Admit that, during the relevant period, you placed, modified, and canceled orders for CBOT Wheat Futures in Serdika account A4858 and BES account A5187.

Answer:

10.      Admit that, during the relevant period, you placed, modified, and canceled orders for KCBT Wheat Futures in Serdika account A4858 and BES account A5187.

Answer:

11.      Admit that, during the relevant period, you used the TT platform to place, modify, and cancel orders for CBOT Wheat Futures in Serdika account A4858 and BES account A5187.

4

Answer:

12.     Admit that, during the relevant period, you used the TT platform to place, modify, and cancel orders for KCBT Wheat Futures in Serdika account A4858 and BES account A5187.

Answer:

13.     Admit that, during the time of your employment and/or agency at Serdika, you made capital contributions to Serdika of at least $660,000.

Answer:

14.     Admit that, during the time of your employment and/or agency at Serdika, you received compensation or capital distributions from Serdika of at least $2,780,000.

Answer:

15.     Admit that, during the relevant period, you were entitled, pursuant to your contract with Serdika, to 40% of the profits that your trading generated.

Answer:

16.     Admit that, during the time of your employment, agency and/or ownership at BES, you made capital contributions to BES of at least $350,000.

Answer:

17.     Admit that, during the time of your employment, agency, and/or ownership at BES, you received compensation or capital distributions from BES of at least $500,000.

Answer:

18.     Admit that, during the relevant period, you were entitled, pursuant to your contract and/or ownership agreement with BES, to 40% of the profits that your trading generated.

Answer:

19.     Admit that, during the relevant period, all initial and maintenance margin requirements for positions held in Serdika account A4858 would be funded through account A4855 held at Advantage Futures in the name of Serdika.

Answer:

20.     Admit that, during the relevant period, all initial and maintenance margin requirements for positions held in BES account A5187 would be funded through account A5175 held at Advantage Futures in the name of BES ("BES account A5175").

Answer:

21.     Admit that, during the relevant period, you received daily account statements from Advantage Futures for Serdika account A4858, and that these daily account statements indicated any excess capital or margin deficit in the account.

Answer:

22.     Admit that, during the relevant period, you received daily account statements from Advantage Futures for BES account A5175, and that these daily account statements indicated any excess capital or margin deficit in the account.

Answer:

22.     Admit that, during the relevant period, you received daily account statements from Advantage Futures for BES account A5187, and that these daily account statements indicated any excess capital or margin deficit in the account.

Answer:

23.     Admit that, during the relevant period, you were aware of the open trading positions in CBOT Wheat futures and KCBT Wheat futures that were held at the end of each day in Serdika account A4858.

6

Answer:

24.     Admit that, during the relevant period, you were aware of the open trading positions in CBOT Wheat futures and KCBT Wheat futures that were held at the end of each day in BES account A5187.

Answer:

25.     Admit that, during the relevant period, you were aware of the initial and maintenance margin requirements for the purchase or sale of CBOT Wheat futures and KCBT Wheat futures contracts required by Advantage Futures for Serdika account A4858.

Answer:

26.     Admit that, during the relevant period, you were aware of the initial and maintenance margin requirements for the purchase or sale of CBOT Wheat futures and KCBT Wheat futures contracts required by Advantage Futures for BES account A5187.

Answer:

27.     Admit that, during the relevant period, the initial margin required by Advantage Futures for the purchase or sale of a single CBOT Wheat futures or KCBT Wheat futures contract for accounts Serdika account A4858 and BES account A5187 was at least $2,000.

Answer:

28.     Admit that, during the relevant period, you engaged in a spread trading strategy involving speculating on the spread between the prices of the December 2009 CBOT Wheat futures contract and the December 2009 KCBT Wheat futures contract.

Answer:

29.     Admit that, on October 6, 2009, you knowingly placed 46 orders of 200 lots or greater for CBOT Wheat Futures, totaling 17,924 lots, in BES account A5187.

Answer:

30.     Admit that, on October 12, 2009, you knowingly placed 71 orders of 200 lots or greater for CBOT Wheat Futures, totaling 29,266 lots, in BES account A5187.

Answer:

31.     Admit that, on October 14, 2009, you knowingly placed 115 orders of 200 lots or greater for CBOT Wheat Futures, totaling 49,726 lots, in BES account A5187.

Answer:

32.     Admit that, on October 19, 2009, you knowingly placed 116 orders of 200 lots or greater for CBOT Wheat Futures, totaling 35,349 lots, in BES account A5187.

Answer:

33.     Admit that, on October 26, 2009, you knowingly placed 107 orders of 200 lots or greater for CBOT Wheat Futures, totaling 42,474 lots, in Serdika account A4858 and BES account A5187.

Answer:

34.     Admit that, on October 27, 2009, you knowingly placed 98 orders of 200 lots or greater for CBOT Wheat Futures, totaling 34,361 lots, in Serdika account A4858 and BES account A5187.

Answer:

35.     Admit that, on October 29, 2009, you knowingly placed 118 orders of 200 lots or greater for CBOT Wheat Futures, totaling 49,088 lots, in Serdika account A4858.

Answer:

36.     Admit that, on October 30, 2009, you knowingly placed 37 orders of 200 lots or greater for CBOT Wheat Futures, totaling 16,438 lots, in Serdika account A4858.

8

Answer:

37.     Admit that you knowingly placed the orders, referenced in requests numbers 29 through 36, at or within ten "ticks" of the best bid/best offer price in the market at the time the orders were entered.

Answer:

38.     Admit that you entered the orders, referenced in requests numbers 29 through 36, manually using the TT platform.

Answer:

39.     Admit that you did not use the iceberg function on the TT platform when placing the orders, referenced in requests numbers 29 through 36.

Answer:

40.     Admit that you attempted to cancel the orders, referenced in requests numbers 29 through 36, before the orders could be fully filled by other market participants.

Answer:

41.     Admit that you cancelled the orders, referenced in requests numbers 29 through 36, manually by using the TT platform.

Answer:

42.     Admit that you did not intend to fill any portion of the orders, referenced in requests numbers 29 through 36.

Answer:

43.     Admit that you knew or had reason to believe that the entry of the orders, referenced in requests numbers 29 through 36, would have the potential to impact market prices in the CBOT Wheat Futures market.

9

Answer:

44.     Admit that you placed the orders, referenced in requests numbers 29 through 36, solely for the purpose of discovering other market participants who wanted to execute large lot trades.

Answer:

45.     Admit that, on October 12, 2009, you attempted to immediately unwind a purchase of 202 lots of CBOT Wheat Futures in BES account A5187 at approximately 12:16:35 p.m. because you did not intend to fill that 202 lot order.

Answer:

46.     Admit that, on October 27, 2009, you attempted to immediately unwind a purchase of 202 lots of CBOT Wheat Futures in BES account 5187 at approximately 10:10:22 a.m. because you did not intend to fill that 202 lot order.

Answer:

47.     Admit that, on October 6, 2009, you simultaneously placed orders to buy 88 lots of CBOT Wheat Futures in Serdika account A4858 and orders to sell 88 lots of CBOT Wheat Futures in BES account A5187.

Answer:

48.     Admit that, on October 12, 2009, you simultaneously placed orders to buy 133 lots of CBOT Wheat Futures in Serdika account A4858 and orders to sell 133 lots of CBOT Wheat Futures in BES account A5187.

Answer:

49.     Admit that, on October 15, 2009, you simultaneously placed orders to buy 249 lots of CBOT Wheat Futures in Serdika account A4858 and orders to sell 88 lots of CBOT Wheat Futures in BES account A5187.

Answer:

50.     Admit that, on October 29, 2009, you simultaneously placed orders to sell 153 lots of CBOT Wheat Futures in Serdika account A4858 and orders to buy 153 lots of CBOT Wheat Futures in BES account A5187.

Answer:

51.     Admit that you knowingly submitted the orders, referenced in requests numbers 47 through 50, at the same time, the same price, and for the same number of contracts.

Answer:

52.     Admit that the acts and omissions described in requests numbers 7 through 51 occurred within the course and scope of your employment and/or agency at Serdika.

Answer:

53.     Admit that the acts and omissions described in requests numbers 7 through 51 occurred within the course and scope of your employment, agency, and/or ownership at BES.

Answer:

54.     Admit that during the relevant period, you knew that the CME employed a matching algorithm for the CBOT Wheat Futures market that matched orders based on a combination first in/first out and *pro rata* allocation.

Answer:

55.    Admit that, during the relevant period, you had access to and used the following email addresses:  erichighlandcapital@gmail.com; eric.moncada@serdikallc.com; and ericmoncada05@yahoo.com.

Answer:

56.    Admit that, during the relevant period, you did not use any email addresses, other than those referenced in request number 55, in connection with your trading of CBOT Wheat Futures or KCBT Wheat Futures, including discussions of your trading strategies in CBOT Wheat Futures or KCBT Wheat Futures.

Answer:

57.    Admit that you maintain possession and control of documents responsive to the Commission's subpoena *duces tecum* issued to you on September 7, 2010.

Answer:

Dated: May 6, 2013

Respectfully submitted,

Richard Glaser (Member, New York State Bar
and U.S. District Court for the Southern District
of New York Bar No. RG8652)
Andrew Ridenour (D.C. Bar No. 501628)
Brian M. Walsh (Member, Maryland Bar)
Kenneth McCracken (Missouri Bar No. 44049)
U.S. Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
Tel:  (202) 418-5358 (Glaser)
Tel:  (202) 418-5438 (Ridenour)
Tel:  (202) 418-5116 (Walsh)
Tel:  (202) 418-5348 (McCracken)

Fax: (202) 418-5937
rglaser@cftc.gov
aridenour@cftc.gov
bwalsh@cftc.gov
kmccracken@cftc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on ___May 6, 2013___, I served the foregoing on all parties of record via UPS.  Those parties are identified below:

Eric G. Moncada
c/o Richard M. Asche
Litman, Asche & Gioiella, LLP
140 Broadway
New York, NY 10005

_____
Andrew L. Ridenour