UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

U.S. COMMODITY FUTURES TRADING
COMMISSION,

                    Plaintiff,              Civil Action No. 12 CV 8791 (CM)

      -against-

ERIC MONCADA,                                ECF Case
BES CAPITAL LLC, and
SERDIKA LLC,

                    Defendants.

------------------------------------------------------------X

## DECLARATION OF RICHARD M. ASCHE

      Richard M. Asche, an attorney licensed to practice before the Courts of the State of New York, affirms the following under penalty of perjury:

      I am a member of the firm of Litman, Asche & Gioiella, LLP, attorneys for the defendant Eric Moncada in the within action, and I make this declaration in connection with the plaintiff's motion to strike the expert report of Steven Wollack. The purpose of this declaration is to advise the Court as to what expert opinions defendant will offer through Mr. Wollack at trial, and what opinions Mr. Wollack will <u>not</u> express at the trial.

<u>Mr. Wollack's proffered opinions</u>:

      1.    <u>Opinions concerning trading strategies</u>: It is plaintiff's claim that Mr. Moncada must have intended to manipulate the market in December 2009 wheat futures because he had no rational explanation for his pattern of placing and rapidly cancelling large lot orders. Contrary to plaintiff's claim, in his deposition, Mr. Moncada testified as to several reasons why

he placed and cancelled large lot orders. It is expected that Mr. Wollack will testify that the explanations provided by Mr. Moncada are reasonable and consistent with internal non-manipulative strategies in the commodities markets. The portions of Mr. Wollack's report relevant to this proposed testimony are the following:

> Moncada's trading style of buying and selling thousands of contracts and at times using large lot orders indicates he relied on a trader's intuition and feel of the market in addition to fundamental and technical analysis. <u>Sometimes large orders may be used to test the strength of a trader's position or direction of the market</u>. When executed on a large order, Moncada did not immediately exit the position but instead held it. He was an active trader, trading thousands of contracts per day. <u>At times, active traders such as Moncada put large orders in the market feeling that the market was going in their direction and want to add to their position but only if immediately executed</u> (p. 2).

(Wollack Report, p. 2)

> One important reason for frequently entering and canceling orders is to obtain time and allocation priority in the execution of his orders. Under the CME's matching algorithms for wheat futures (CME Globex Product Reference) the first order at a price level gets tops allocation up to a maximum of 100 contracts, then there is a Pro Rata allocation of all orders at the price level and if the incoming quantity is not satisfied, the remainder is filled using a FIFO allocation.
>
> Thus, if Moncada was the first large order at a price, he would have priority only on the first 100 contracts and then would be filled no a Pro Rata basis and possibly a FIFO allocation. If Moncada was not the first order at a price, then he would only be filled on a Pro Rata basis and would only have partial fills on his large orders. To obtain priority on the first 100 contracts Moncada would have to be the first order at a new price. This would explain frequent entering and cancelling orders in order to obtain priority on the first 100 contracts or at least increase his Pro Rata share.

(Wollack Report, p. 3-4)

> ..."[f]or traders like Moncada there is no upside to leaving a resting order waiting for the market to come back to his price because the dynamics of the market may have changed. If Moncada was trading for the moment then he would want to be immediately executed because he thought the market was going in his direction. If not executed then he would cancel because otherwise if the market would move away from his order and then subsequently come back to that price it might mean the market was reversing. To avoid this possibility, he would cancel his orders.

(Wollack Report, p. 4)

Mr. Wollack will also testify as to why Mr. Moncada's failure to avail himself of "iceberg orders" makes sense and why "iceberg orders" are an appropriate method of bidding for some traders such as "hedgers" but not for other traders who trade rapidly and frequently as Mr. Moncada did.

    2. <u>Opinions concerning risk</u>: Mr. Wollack will testify that traders who seek to "spoof" the market generally avoid taking any market positions involving risk. He will then testify that Mr. Moncada's practice of placing large lot orders and then cancelling them <u>manually</u> involved substantial risk which could have been avoided if Mr. Moncada had availed himself of readily available algorithmic programs capable of cancelling his orders within microseconds as opposed to the relative eternity he took (two to four seconds).

    3. <u>Specific examples tending to disprove plaintiff's theory</u>: Mr. Wollack is expected to describe several trades by Mr. Moncada on the eight days charged in the Complaint in which Mr. Moncada placed and cancelled large lot orders in a manner inconsistent with the plaintiff's theory.

<u>Opinions Mr. Wollack will *not* express</u>:

    The plaintiff is correct that Mr. Wollack's report -- drafted by him and not by trial counsel for the defendant -- contains expressions of opinion which are either inappropriate for

any expert or are inadequately supported by mathematical analysis. In effect, they are surplusage. Thus, Mr. Wollack will <u>not</u> express the following opinions at trial:

    a)    That Mr. Moncada did not intend to manipulate the market;

    b)    That Mr. Moncada's orders had no effect on market price. For purposes of this case, defendant accepts Mr. Bessembinder's opinion that, statistically, Mr. Moncada's orders affected the market to the extent of 1/10 of a cent per 1,000 lot orders for up to 20 seconds, an effect so small that it is below the smallest change measured by the markets, i.e., it is less than one tick.

    Plaintiff's motion for <u>in limine</u> ruling striking the expert report of Steven Wollack should be denied.

Dated:    New York, New York  
            March 26, 2014

                        <u>/s/ Richard M. Asche</u>  
                        Richard M. Asche