UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES COMMODITY FUTURES TRADING COMMISSION**,<br>    Plaintiff,<br><br>            v.<br><br>**ERIC MONCADA; BES CAPITAL LLC; and SERDIKA LLC**<br>    Defendant(s). | Civil Action No. 12-cv-8791 (CM) (GWG) |

**PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE EXPERT REPORT OF STEVEN WOLLACK**

## Table of Contents

I.    Argument.................................................................................................................... 1

    A.    The Admissibility of the Wollack Report is Ripe for Determination....... 1

    B.    Wollack is Unqualified to Render the Offered Opinions .......................... 2

    C.    The Wollack Report is Unreliable and Inadmissible ................................ 4

    D.    Wollack is an Improper Credibility Witness ................................................. 5

    E.    In the Alternative, the Wollack Report Should Be Given Little Weight............................................................................................................... 6

II.    Conclusion................................................................................................................ 7

# TABLE OF AUTHORITIES

### Cases

*Aetna Line Ins. Co. v.* Ward, 140 U.S. 76 (1891) ............................................................................ 6

*Ambrosini v. Labarraque*, 101 F.3d 129 (D.C.Cir. 1996) ................................................................ 8

*Amorgianos v National R.R. Passenger Corp.*, 303 F.3d 256 (2d Cir. 2002) ................................ 4

*Boucher v. U.S. Suzuki Motor Corp.,* 73 F.3d 18 (2d Cir. 1996) ..................................................... 8

*Bourjaily v. United States*, 483 U.S. 171 (1987) ............................................................................ 1

*Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993) ..................................................... 2, 4

*Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999) ................................................................. 3, 6

*Major League Baseball Properties, Inc. v. Salvino, Inc.,* 542 F.3d 290 (2d Cir. 2008) ............. 2, 6

*Marvel Worldwide, Inc. v. Kirby*, 777 F.Supp.2d 720 (S.D.N.Y. 2011) ..................................... 1, 7

*Nimely v. City of New York*, 414 F.3d 381 (2d Cir. 2005) .......................................................... 4, 6

*Presbyterian Church of Sudan v. Talisman Energy, Inc.,* 582 F.3d 244 (2d Cir. 2009) ................ 2

*Primavera Familienstifung v. Askin*, 130 F.Supp.2d 450 (S.D.N.Y. 2001) ................................... 6

*Raskin v. Wyatt Co.,* 125 F.3d 55 (2d Cir. 1997) ............................................................................ 6

*Royal Ins. Co. of America v. Joseph Daniel Construction Inc.*, 208 F.Supp.2d 424 (S.D.N.Y.
   2002) ............................................................................................................................................ 8

*U.S. v. Roldan-Zapata*, 916 F.2d 795 (2d Cir. 1990) ..................................................................... 3

### Regulations and Statutes

7 U.S.C. § 13(a)(2) .......................................................................................................................... 3

7 U.S.C. § 13b .................................................................................................................................. 3

7 U.S.C. § 9 ...................................................................................................................................... 3

Fed. R. Evid. 401 ............................................................................................................................. 9

Fed. R. Evid. 402 ............................................................................................................................ 9

Fed. R. Evid. 702 ............................................................................................................................ 9

**PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE EXPERT REPORT OF STEVEN WOLLACK**

Plaintiff U.S. Commodity Futures Trading Commission ("Commission" or "CFTC") submits this Memorandum in Reply ("Reply Memo") to Defendant Eric Moncada's ("Moncada") Memorandum in Opposition to Plaintiff's Motion to Strike the Expert Report of Steven Wollack ("Opposition Memo") (Dkt. No. 70) and Declaration of Richard Asche in Support of the Opposition Memo ("Asche Decl.") (Dkt. No. 71).  In addition to the argument below, the Commission refers the Court to its Memorandum in Support of Plaintiff's Motion to Strike the Expert Report of Steven Wollack ("Memo to Strike") (Dkt. No. 67) and attached materials (Dkt. Nos. 68, 68-1- 68-3).  Moncada appears to have "self-stricken" portions of the expert report of Steven Wollack (Dkt. No. 61-1, "the Wollack Report") in the Opposition Memo.  Therefore, while the Commission's Motion to Strike should be considered in its entirety, this reply focuses on the remaining portions as described in the Asche Decl. (Dkt. No. 71).

## I.      ARGUMENT

The burden falls on Moncada, as the party proffering the Wollack Report, to establish by a preponderance of the evidence that the Wollack Report is admissible.  *Marvel Worldwide, Inc. v. Kirby*, 777 F.Supp.2d 720, 729 (S.D.N.Y. 2011) (McMahon, J.), *aff'd in relevant part*, 726 F.3d 119 (2d Cir. 2013) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).  Defendant has failed to show that Wollack is qualified to provide expert testimony, or that there is any reliable basis for relevant information within the Wollack report, other than "because I say so."  As such, the Wollack Report should be deemed inadmissible and stricken from the record.

### A.      The Admissibility of the Wollack Report is Ripe for Determination

This Court should not wait for a trial to determine the admissibility of the Wollack Report.  It is precisely at this stage, where the Court has a pending motion for summary

1

judgment, that the Court should determine the admissibility of the Wollack Report.  *See Major League Baseball Properties, Inc. v. Salvino, Inc.,* 542 F.3d 290, 311 (2d Cir. 2008) (noting that, under *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), "the district court functions as the gatekeeper for expert testimony, whether proffered at trial or in connection with a motion for summary judgment"); *see also*, *Presbyterian Church of Sudan v. Talisman Energy, Inc.,* 582 F.3d 244, 264 (2d Cir. 2009) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.").

In his Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 63), Moncada offers as evidence only his self-serving (yet equivocal) testimony regarding his possible explanations for his trading and the Wollack Report to rebut the CFTC's case.  As such, the Court should address the admissibility of the Wollack Report when ruling on the CFTC's Motion for Summary Judgment (Dkt. No. 53) because a party opposing summary judgment must base its opposition on admissible evidence.  Should the Court find the Wollack Report inadmissible, or in the alternative afford it little credibility given the absence of any support for its conclusions, Moncada would have no evidence to counter the CFTC's Motion for Summary Judgment.

### B.  Wollack is Unqualified to Render the Offered Opinions

Despite Moncada's gross mischaracterization in the Opposition Memo[1], the CFTC has asserted that Wollack is unqualified to render the proffered expert opinions.  The CFTC does not dispute that Wollack claims to have traded commodity futures contracts for nearly thirty years, is a Director at the Chicago Mercantile Exchange ("CME"), and served twenty years ago on various committees at the CME.  However, that does not make Wollack qualified to reliably

---

[1] Defendant improperly states "Plaintiff does not dispute that Mr. Wollack is highly qualified and experienced as a trader of commodities or that he is intimately familiar with trading practices of commodities traders."  (Opposition Memo Dkt. No. 70, p. 5).  Plaintiff, in fact, wrote more than two pages in its Motion to Strike the Wollack Report explaining why Wollack is unqualified to render the opinions in his Report.  (Dkt. No. 67).

2

render an opinion about issues relevant to whether Moncada attempted to manipulate the price of the December 2009 contract for CBOT #2 Soft Red Winter Wheat Futures (the "December 2009 Wheat Futures Contract") in violation of sections 6(c), 6(d), and 9(a)(2) of the Commodity Exchange Act ("the Act"), 7 U.S.C. §§ 9, 13b, and 13(a)(2) (2006).

As stated in the Plaintiff's Memo to Strike the Wollack Report, the focus must rest on whether the potential expert, Wollack, possesses the experience and background to offer opinions concerning the specific subject matter to be tried.  *See, e.g., U.S. v. Roldan-Zapata*, 916 F.2d 795, 805-06 (2d Cir. 1990) (area of expertise relating to the specific factual issues should be the focus of the qualification analysis).  The court must determine if an experience-based expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999)*; see also, Nimely v. City of New York*, 414 F.3d 381, 396 (2d Cir. 2005).  The Court must still review Wollack's qualifications to ensure that he has the necessary experience to render the proffered experience.  Here, Wollack is opining on Moncada's supposed trading strategies compared to "other traders" in an attempt to provide credence to Moncada's trading explanations.

Simply having a trading background with knowledge about the CME should not qualify him as an expert to render these opinions.  (See Opposition Memo, 8-10; Dkt. No. 71, Declaration of Richard Asche ("Asche Decl."), ¶¶ 1-3).  Defendant asserts that because Wollack has been a trader for nearly thirty years, and has served on various committees and as a Board Member of the CME, that he can show up and say whatever he wants with no support.  In believing this logic, that would make any long-term commodity futures trader qualified to proffer an "expert" opinion on any topic connected with futures trading without any reliable or relevant basis.

### C. The Wollack Report is Unreliable and Inadmissible

After disregarding the portions of the Wollack Report that even Moncada admits are inadmissible, the remaining portions of the Wollack Report should also be stricken from the record because they are unreliable and will not help the trier of fact. The Judge, as the gate-keeper, must consider whether the expert testimony has a sufficiently "reliable foundation." *Amorgianos v National R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Moncada provided no new information in his Opposition Memo to show that Wollack had any support or adequate methodology relating to the opinions in the Wollack Report. (Dkt. No. 70). The Wollack Report is based on "eye-ball[ing]" a portion of Moncada's trading account statements and incomplete trading data for some of the charged dates. (Deposition of Steven Wollack ("Wollack Dep.") 18:3-10, 62:8-64:2, 121:3-15). That is not the proper foundation for an expert to opine on whether Moncada attempted to manipulate the December 2009 Wheat Futures Contract in October 2009.

The Wollack Report provides opinions as to whether the evidence supports the claims that Moncada attempted to manipulate the December 2009 Wheat Futures Market, and speculates on Moncada's trading strategies. Both categories require a foundation consisting of an analysis of, or at minimum, a thorough review of a *complete* set of trading data. That foundation is nonexistent in the Wollack Report. First, Wollack "eye-balled" the piecemeal production of trading records from Moncada and portions of trading data supplied by the CFTC without conducting any analysis. (Wollack Report pp. 3, 4, 9-11, 12 (Dkt. No. 67); Wollack Dep. 18:3-10, 62:8-64:2,106:9-14, 120:1-8, 121:3-15, 122: 10-15, 133:21-134:9). Second, Moncada proffers the Wollack Report to opine that Moncada could have filled even fewer of his large-lot orders (and thereby further increasing his total cancelation rate - which already stood at

4

99.6 percent) by using "algorithmic programs" to trade.  Notably, Wollack's experience cannot form the basis of this opinion because he has never used "algorithmic programs" to trade. (Wollack Dep. 131:6-8).   Lastly, the Wollack Report also compares Moncada's trading strategies to that of other traders, even though Wollack did not interview Moncada about his trading strategies, nor did he review or discuss with "other traders" their trading strategies. (Wollack Dep. 128:12-19, 129:14-17, 130:13-19).  The Wollack Report compares two things, notwithstanding that Wollack never evaluated either.  As a result, the Wollack Report is mere speculation.  "[A]n expert's opinions that are without factual basis and are based on speculation or conjecture are similarly inappropriate material for consideration on a motion for summary judgment" *Major League Baseball Properties, Inc.,* 542 F.3d at 311 *citing Raskin v. Wyatt Co.,* 125 F.3d 55, 66 (2d Cir. 1997) ("[A]n expert's report is not a talisman against summary judgment.").

Again, the only support that Wollack provides for his opinions is "because I say so." Opinion evidence that is only connected to the existing data by "the *ipse dixit* of the expert" does not render it reliable and admissible.  *Primavera Familienstifung v. Askin*, 130 F.Supp.2d 450, 530 (S.D.N.Y. 2001) (citing *Kumho*, 526 U.S. at 157).  Without any explanation of how Wollack's experience – or anything else –supports his opinions, the Wollack Report's unsupported statements should be struck as unreliable.

### D. Wollack is an Improper Credibility Witness

Moncada is presenting Wollack as an expert witness, but in reality he is attempting to use Wollack to boost the credibility of Moncada.  The credibility of a witness is to be determined by the trier of fact, not the expert.  *Nimely v. City of New York*, 414 F.3d 381, 397-98 (2d Cir. 2005), citing *Aetna Line Ins. Co. v.* Ward, 140 U.S. 76, 88 (1891).  Moncada is proffering Wollack to vouch for Moncada's testimony, specifically, to opine that Moncada's rationales for cancelling

5

99.6 percent of his large-lot orders are plausible.  *See* Asche Decl., Dkt. No. 71.  Moncada's Opposition Memo states, "[Wollack's] "experienced-based" testimony lends credence to Mr. Moncada's explanation" as to why he may have placed and then quickly cancelled his large-lot orders.  Opposition Memo, p. 9.  The Wollack Report should be excluded because it is simply being used to bolster Moncada's story of the events and an expert cannot offer opinions on the credibility of witnesses.  *Marvel Worldwide, Inc. v. Kirby*, 777 F.Supp.2d 720,730 (S.D.N.Y. 2011) (McMahon J.) (expert testimony that directed the trier of fact to believe one version of the events over another was excluded because it "usurped the role of the jury").

      Not only should Wollack not be allowed to "vouch" for Moncada, but it is a misguided attempt to take the Court down an irrelevant path.  The sections of the Wollack Report that Moncada relies on (as cited in the Opposition Memo, at 8-10) merely opine that Moncada's three "rationale" for placing and canceling his large-lot orders are plausible in the futures markets. However, the issue in this case is not whether these rationales exist, but whether Moncada actually employed them.  In this case, the only analysis of Moncada's trading shows that Moncada *did not* employ any of the rationale he proposed were possible.  *See* Expert Report of Dr. Hendrik Bessembinder, Dkt. No. 54-34; Memo in Support of Motion for Summary Judgment, Dkt. No. 54.  Therefore, the Wollack Report offers the Court nothing upon which to evaluate the central question of the case.

      **E.**      **In the Alternative, the Wollack Report Should Be Given Little Weight**

If this Court should find that the Wollack Report proffered as evidence by Moncada admissible, it should be given little weight.  Given the arguments stated above and in Plaintiff's Memo to Strike, the Wollack Report is rife with unreliable and irrelevant statements.  The Court should consider the Wollack Report's lack of methodology when determining the weight to give to its opinions.  *Boucher v. U.S. Suzuki Motor Corp.,* 73 F.3d 18, 21 (2d Cir. 1996) (arguing that

the expert's opinions lack support should go to the weight of the testimony); *Royal Ins. Co. of America v. Joseph Daniel Construction Inc.*, 208 F.Supp.2d 424, 426 (S.D.N.Y. 2002) (McMahon, J.) (citing *Ambrosini v. Labarraque*, 101 F.3d 129, 133-35 (D.C.Cir. 1996) ("Once the thresholds of reliability and relevance are met...any purported weakness in an expert's methodology or conclusion goes to the degree of credibility to be accorded to the evidence")). Moncada has not provided evidence to contradict Plaintiff's contention that the Wollack Report lacked any methodology as a basis for the opinions.

The Wollack report is unreliable for several reasons.  First, despite having access to all the data that the CFTC's expert relied on, Wollack only reviewed a limited amount of trading data.  Second, the data that he did look at, he only "eyeballed" and performed no analysis.  Third, Wollack cherry picked some trades from the data and then opined as to the entire set of data without conducting any analysis to show that the example represented the whole.  These are weaknesses in the methodology of the Wollack Report that should be considered when determining the degree of credibility accorded to it.

## II.     CONCLUSION

This Court should determine the admissibility of the Wollack Report now, not wait for trial, since it is used as evidence in Defendant's Opposition to Plaintiff's Motion for Summary Judgment.  Moreover, Wollack is unqualified to render any expert opinions relevant to the case at bar and the Wollack Report is unreliable and inadmissible.  As such, for the reasons stated above, the CFTC respectfully requests this Court find the entire Wollack Report, including the remaining portions of the Wollack Report not "self-stricken" by Defendant, inadmissible under Federal Rules of Evidence 401, 402, and 702, and strike it from the record.

Dated: April 2, 2014						Respectfully Submitted,

*/s/* Jennifer S. Diamond
Jennifer S. Diamond (Illinois Bar No. 6278482)
Richard Glaser (Member, New York State Bar and U.S. District Court for the Southern District of New York Bar No. RG8652)
Kenneth W. McCracken (Missouri Bar No. 44049)
Andrew Ridenour (D.C. Bar No. 501628)
U.S. Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
Tel:  (202) 418-5244 (Diamond)
Tel:  (202) 418-5358 (Glaser)
Tel:  (202) 418-5348 (McCracken)
Tel:  (202) 418-5438 (Ridenour)
Fax:  (202) 418-5937
jdiamond@cftc.gov
rglaser@cftc.gov
kmccracken@cftc.gov
aridenour@cftc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2014, I caused (a) this Plaintiff's Reply to Defendant's Opposition to Motion to Strike the Expert Report of Steven Wollack, and (b) the Second Affidavit of Jennifer Diamond, with attached exhibits, to be served via electronic mail upon:

Eric Moncada
Through Counsel Richard Asche
*richardasche@lagnyc.com*

                         By: /s/ *Jennifer S. Diamond*

                         Jennifer S. Diamond (Illinois Bar No. 6278482)
                         Senior Trial Attorney
                         U.S. Commodity Futures Trading Commission
                         1155 21st Street, NW
                         Washington, DC 20581
                         Tel:  (202) 418-5244 (Diamond)
                         *jdiamond@cftc.gov*